IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHUNG K. CHOI, | * | |
| Petitioner, | * | Crim. Action No. RDB-12-0066 |
| v. | * | Civil Action No. RDB-16-3985 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

On March 30, 2012, Petitioner Chung K. Choi ("Petitioner" or "Choi") pled guilty pursuant to a plea agreement to one count of tax evasion in violation of 26 U.S.C. § 7201. (ECF Nos. 3, 5, 6.) On June 19, 2012, this Court sentenced Petitioner to eighteen months imprisonment and also ordered Petitioner to pay $739,253.98 in restitution, representing the total loss to the Government from Choi's offense. (ECF No. 15.) Over four years later, on Decemeber 9, 2016, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, alleging that his counsel was ineffective for failing to prove that the actual loss amount was lower than the ordered restitution amount. (ECF No. 28.) The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons herein, Petitioner's Motion to Vacate, Set Aside or Correct Sentence (ECF No. 28) is DENIED.

## BACKGROUND

On March 30, 2012, Petitioner Choi pled guilty in this Court to one count of tax evasion in violation of 26 U.S.C. § 7201. (ECF Nos. 3, 5, 6.) In his plea agreement, he agreed

1

that the corporate tax returns that he filed for his business, Frankford Garden Liquors, for the years 2006 through 2009 "each understate the amount of the corporation's taxable gross receipts by more than $300,000." (ECF No. 5 at 4.) Further, he acknowledged that he understated his corporation's income to evade paying taxes. (*Id.*) The plea agreement, however, did not state an agreed amount of taxes due and owing as a result of Choi's undereporting. (*Id.* at 5.) Rather, the plea agreement laid out the Internal Revenue Service's (IRS) calculation of the taxes due and owing for the years 2006 through 2009. (*Id.*) By the time of Choi's sentencing, however, both parties told this Court that they agreed to the IRS's calculation of tax loss and the imposition of a restitution order in the amount of $739,253.98 representing the taxes he owed for the years 2006 through 2009. (ECF No. 19.) This Court subsequently sentenced Choi to eighteen months incarceration, six months home detention, and three years supervised release. (ECF No. 15.) Additionally, this Court ordered a payment of $100.00 in special assessment, a $20,000.00 fine, and $739,253.98 in resitution. (*Id.*)

After his sentencing, Choi challenged the amount of taxes owed by his company in a civil action with the IRS Office of Appeals. (ECF No. 28-1.) In December of 2013, Petitioner was released from prison after serving his eighteen month term. (ECF Nos. 24, 25.) Around January of 2016, Choi negotiated a settlement through the IRS Office of Appeals for total amount of $132,991.00.[1] (ECF No. 28-1 at 6.)

On December 9, 2016, Choi filed the pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, claiming that he received ineffective assistance of counsel in violation of his rights under the Sixth Amendment to the United

---

[1] This estimated tax loss does not include Maryland state tax loss.

States Constitution. (ECF No. 28.) Specifically, Choi asserts that his counsel should have proven that the total tax loss was $178,991.49[2] instead of $739,253.98, which, Choi asserts, would have resulted in a lower restitution payment consistent with the actual individual tax loss. (ECF 28-1 at 8.)

## STANDARD OF REVIEW

Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside or correct his sentence where (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) the court lacked "jurisdiction to impose the sentence, . . . [(3)] the sentence was in excess of the maximum authorized by law, or [(4) the sentence] is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States,* 368 U.S. 424, 428 (1962)). Once a petitioner has shown that his sentence is unlawful on one of the specified grounds, "the court shall vacate and the set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

## ANALYSIS

In his Motion to Vacate, Petitioner claims that his Sixth Amendment right to effective assistance of counsel was violated. Specifically, Choi argues that his defense counsel was constitutionally ineffective for advising him to enter into the plea agreement and agreeing to the restitution amount. (ECF No. 28-1 at 7-8.) To state a claim for relief under

---

[2] This estimated tax loss includes both the federal and Maryland state tax loss.

3

28 U.S.C. § 2255 based on a Sixth Amendment claim of ineffective assistance of counsel, Petitioner must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 671 (1984). The first, or "performance" prong, requires a showing that defense counsel's representation was deficient and fell below an "objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The second, or "prejudice" prong, requires Petitioner to demonstrate that his counsel's errors deprived him of a fair trial. *Id.* at 687. When a defendant alleges ineffective assistance after a guilty plea has been entered, the burden of proving the second prong of prejudice becomes even greater. In *Hooper v. Garraghty*, 845 F.2d 471 (1988), the United States Court of Appeals for the Fourth Circuit explained: "Such a defendant 'must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Id.* at 475 (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). The Fourth Circuit has noted that there is no reason to address both prongs of the *Strickland* test if the defendant makes "'an insufficient showing on one.'" *Moore v. Hardee*, 723 F.3d 488, 500 (4th Cir. 2013) (quoting *Strickland*, 466 U.S. at 697). Thus, ineffective assistance of counsel claims may be disposed of based solely on a failure to satisfy either the "performance" prong or the "prejudice" prong. *See Strickland*, 466 U.S. at 697.

The Government argues that the Petitioner's Motion should be denied for two reasons. First, a petitioner cannot attack a restitution order in a § 2255 motion. Second, a separate settlement with the IRS Court of Appeals is not a valid basis to reduce the Petitioner's restitution order. This Court addresses these arguments in turn.

   a. **A restitution order cannot be challenged in a 28 U.S.C. § 2255 motion**

4

Choi has petitioned this Court to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, asserting that his counsel was ineffective for failing to challenge the total tax loss, and accordingly restitution, amount. (ECF No. 28-1.) The Governmenta argues that a petitioner cannot challenge a restitution order in a § 2255 motion.

United States Courts of Appeals and this Court have held that a petitioner may only attack terms of *incarceration*, and not a restitution order, in a § 2255 motion. In an unreported case, the United States Court of Appeals for the Fourth Circuit explained that "a § 2255 motion may not be used for the sole purpose of challenging fines or restitution orders."[3] *United States v. Hudgins*, No. 06-6048, 2006 WL 2794412, at *1 (4th Cir. Sept. 25, 2006). Subsequently, in *United States v. Fabian* 798 F. Supp.2d 647, 684 (D. Md. 2011), this Court similarly explained that "28 U.S.C. § 2255 only entitles prisoners to attack a custodial component of a sentence . . . restituiton orders cannot be attacked through a § 2255 petition, including those filed when the defendant is incarcerated." *Id.* at 684. In reaching this conclusion, this Court cited several other United States Courts of Appeals decisions, which all principally relied on the language of § 2255:

> A prisoner in custody under sentence of a court established by Act of Congress *claiming the right to be released* upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

---

[3] In *Hudgins*, the district court initially treated the petitioner's *pro se* letter to the court as a § 2255 motion, and then denied relief on the ground that fines could not be challenged in a § 2255 petition. The Fourth Circuit remanded the case, explaining that because the fines could not be challenged under § 2255, the district court should have treated the letter as a petition under 28 U.S.C. § 2241. Petitioner, represented by counsel, has filed his motion under 28 U.S.C. § 2255. Further, he is no longer in custody.

5

*Id.* (quoting *Smullen v. United States*, 94 F.3d 20, 25-26 (1st Cir. 1996) (citing 28 U.S.C. § 2255(a)) (emphasis in original). In one case this Court relied on, the Second Circuit explained that "[s]everal circuits have held that neither a fine nor an order of restitution amounts to custody." *Kaminski v. United States,* 339 F.3d 84, 87 (2d Cir. 2003) (*citing Barnickel v. United States,* 113 F.3d 704, 706 (7th Cir. 1997); *United States v. Michaud,* 901 F.2d 5, 7 (1st Cir.1990); *Poodry v. Tonawanda Band of Seneca Indians,* 85 F.3d 874, 894 (2d Cir. 1996)). This Court also cited the Eleventh, Eighth, Ninth, Fifth, Seventh, and First Circuits. *Fabian*, 798 F.Supp. at 684 (citing *Mamone v. United States,* 559 F.3d 1209, 1211 (11th Cir. 2009); *Kaminski,* 339 F.3d at 87; *United States v. Bernard,* 351 F.3d 360, 361 (8th Cir. 2003); *United States v. Thiele,* 314 F.3d 399, 402 (9th Cir. 2002); *United States v. Hatten,* 167 F.3d 884, 887 (5th Cir. 1999); *Barnickel v. United States,* 113 F.3d 704, 706 (7th Cir. 1997); *Smullen v. United States,* 94 F.3d 20, 25-26 (1st Cir. 1996)). Accordingly, this Court concluded that "[f]ollowing the lead of the courts cited above, the court concludes that a noncustodial component of a sentence, such as a restitution or forfeiture order, cannot be attacked in a § 2255 petition." *Fabian*, 798 F.Supp. at 684-85.

This Court also recently denied a challenge to a forfeiture order under 28 U.S.C. § 2255 in *Cain v. United States,* No. ELH-12-019, 2017 WL 3840258 (D. Md. Sep. 1, 2017). Citing *Fabian*, this Court found that the petitioner's ineffective assistance of counsel claim for failing to challenge forfeiture order on appeal was misplaced. *Id.* at *17.[4] Accordingly,

---

[4] Petitioner cites another case from this Court where a restitution order was reduced pursuant to a § 2255 Motion. *Veney v. United States*, No. RDB-11-0691, 2017 WL 952682 (D. Md. Mar. 10, 2017). In *Veney*, the petitioner was convicted of bank fraud conspiracy and ordered to pay restitution jointly and severally with his co-defendants. *Id.* Subsequently, the petitioner filed a *pro se* § 2255 motion arguing in part that the prosecutors had knowingly and deliberately misled this Court and the petitioner's prior counsel as to his owed restitution amounts by miscalculating financial losses or incorrectly attributing losses to him. *Id.*; Petitioner's Motion for

Petitioner cannot challenge the restitution order in his 28 U.S.C. § 2255 petition, and Petitioner's Motion to Vacate, Set Aside or Correct Sentence (ECF No. 28) is DENIED.

### b. Petitioner's claim fails on the merits

Even if Choi's § 2255 challenge to his restitution order was proper, Choi's claim does not meet the standard for a viable ineffective assistance of counsel claim. Choi argues that his counsel was ineffective for not proving that the total tax loss was approximately $178,991.49 rather than $739,253.98, based off of his subsequent settlement with the IRS Office of Appeals. (ECF No. 28-1 at 8.) This arugment does not meet either the performance or prejudice prongs of the *Strickland* test.

First, according to the plea agreement, Choi was satisfied with his counsel after the plea negotiations and understood and voluntarily agreed to every part of the plea agreement. (EFC No. 5-1 at 11.) At that time, he reserved the right to challenge the amount of tax loss at his sentencing. (*Id.* at 4.) Subsequently, prior to sentencing, Choi's presentence report indicated that he still maintained the right to challenge the amount of tax loss. (ECF No. 19 at Pgs. 11-12.) Neither the Government nor Choi filed sentencing memorandum. (*Id.* at 19.) At sentencing, Choi then verified that he had an opportunity to review the presentence report with his counsel, asked questions, and was satisfied with his understanding of the report and his counsel's explanations. (*Id.* at 10-11.) At sentencing, Choi's counsel then indicated that there was *no longer* a dispute of the tax loss amount. Rather, the issue "ha[d] been resolved." (*Id.* at 11.) The Government responded that "there are certain figures that

---

a Hearing, ECF No. 200. This Court held a hearing on the matter along with the other arguments raised in the petitioner's motion. Neither in the briefing nor at the hearing did the Government challenge the petitioner's ability to bring his claim under 28 U.S.C. § 2255. Accordingly, without addressing *whether* the *pro se* petitioner had brought his claim in the proper manner, his order of restitution was modified based on findings that he was not liable for various counterfeit business checks and check deposits.

were in the plea agreement and so the Defendant has now agreed to those figures today in Court." (*Id.* at 18.) Defendant never indicated that he was not satisfied with his counsel or still challenged the tax loss amount, even during his colloquoy to this Court. (*Id.* at 28-29.)

Second, Choi relies on the IRS Office of Appeals settlement amount to argue that his counsel should have proven that the total loss was equal to the settlement amount and, therefore, his restitution should be consistent with those numbers. (ECF No. 28-1 at 7-8.) The Government argues that the "IRS Appeals' willingness to settle on a particular figure . . . should not be taken as an agreement that the compromise figure was correct and the figure calculated in the criminal case was incorrect." (ECF No. 44 at 5.) A memorandum from the Acting Director of Appeals Policy explains:

> In an appeal of a civil tax examination following the close of a criminal case, Appeals considers the civil tax liability without reference to the restitution ordered by the federal district court and may determine that the taxpayer's civil tax liability differs from the amount ordered as restitution.
> . . .
> Because the assessment of restitution under section 6201(a)(4) of the Internal Revenue Code ("restitution-based assessment") is not itself a determination of the actual civil tax liability for the tax period for which restitution was ordered, and is assessed only "*as if* such amount were a tax" (emphasis added), the IRS does not treat the amount of restitution as either the minimum or the maximum tax liability for the relevant tax period.
> . . .
> In this case, Appeals reached a settlement taking into account hazards of litigation, which is within its authority to settle cases independent of the IRS Examination function. The fact that the settlement reduced the tax liability to an amount less than the restitution ordered by the court does not affect the finality of the restitution order, and should not allow the taxpayer to challenge or modify the order.

(ECF No. 44-1.) Throughout his petition, Choi continually states that these settlements were the result of the IRS Court of Appeals consideration of "previously unclaimed business deductions" and "additional expenses not previously considered." (ECF No. 28-1 at 6; ECF

8

No. 46 at 3.) Despite these assertions, nowhere on the record does Choi provide evidence of these "previously unclaimed business deductions" or "additional expenses not previously considered." Nor does the record indicate that the IRS Court of Appeals made a finding that the calculation of the tax owed in the criminal case was incorrect. Instead, the Director of the Appeals Policy explicitly stated that the settlement amount is *not* a determination of actual civil tax liability for the period in which restitution was ordered. (ECF No. 44-1.) Accordingly, even if Petitioner could challenge his restitution order in a § 2255 Motion, he has not shown that the restitution owed was incorrect, and his Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 28) is DENIED.

## CONCLUSION

For the foregoing reasons, Petitioner Chong Choi's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 28) is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v.*

9

*McDaniel*, 529 U.S. 473, 484 (2000). Because reasonable jurists would not find Petitioner's claims debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated: January 30, 2018

/s/

Richard D. Bennett
United States District Judge