IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHUNG K. CHOI, | * | |
| Petitioner, | * | Criminal Action No. RDB-12-0066 |
| v. | * | Civil Action No. RDB-16-3985 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

On January 30, 2018, this Court entered an Order (ECF No. 48) denying Petitioner Chung K. Choi's ("Petitioner" or "Choi") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 28). Before this Court is Choi's Motion for Reconsideration pursuant to Maryland Local Rule 105.10 and Rule 59(e) of the Federal Rules of Civil Procedure. (ECF No. 49.) Choi's submission has been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons stated herein, Petitioner's Motion to Reconsider (ECF No. 49) is DENIED.

## BACKGROUND

The background facts of this action were fully set forth in this Court's Memorandum Opinion of January 30, 2018. (ECF No. 47.) To summarize, on March 30, 2012, Petitioner Choi pled guilty in this Court to one count of tax evasion in violation of 26 U.S.C. § 7201. (ECF Nos. 3, 5, 6.) In his plea agreement, he agreed that the corporate tax returns that he filed for his business, Frankford Garden Liquors, for the years 2006 through 2009 "each understate the amount of the corporation's taxable gross receipts by more than

1

$300,000." (ECF No. 5 at 4.) Further, he acknowledged that he understated his corporation's income to evade paying taxes. (*Id.*) The plea agreement, however, did not state an agreed amount of taxes due and owing as a result of Choi's underreporting. (*Id.* at 5.) Rather, the plea agreement laid out the Internal Revenue Service's (IRS) calculation of the taxes due and owing for the years 2006 through 2009. (*Id.*) By the time of Choi's sentencing, however, both parties told this Court that they agreed to the IRS's calculation of tax loss and the imposition of a restitution order in the amount of $739,253.98, representing the taxes he owed for the years 2006 through 2009. (ECF No. 19.) This Court subsequently sentenced Choi to eighteen months incarceration, six months home detention, and three years supervised release. (ECF No. 15.) Additionally, this Court ordered a payment of $100.00 in special assessment, a $20,000.00 fine, and $739,253.98 in restitution. (*Id.*)

After his sentencing, Choi challenged the amount of taxes owed by his company in a civil action with the IRS Office of Appeals. (ECF No. 28-1.) In December of 2013, Petitioner was released from prison after serving his eighteen month term. (ECF Nos. 24, 25.) Around January of 2016, Choi negotiated a settlement through the IRS Office of Appeals for total amount of $132,991.00. (ECF No. 28-1 at 6.)

On December 9, 2016, Choi filed the pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, claiming that he received ineffective assistance of counsel in violation of his rights under the Sixth Amendment to the United States Constitution. (ECF No. 28.) Specifically, Choi asserted that his counsel should have proven that the total tax loss was $178,991.49 instead of $739,253.98, which, Choi asserted, would have resulted in a lower restitution payment consistent with the actual individual tax

2

loss. (ECF 28-1 at 8.) On January 30, 2018 this Court issued a Memorandum Opinion and Order denying Choi's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 28).

## **STANDARD OF REVIEW**

The Federal Rules of Civil Procedure do not expressly recognize motions for "reconsideration." Instead, Rule 59(e) authorizes a district court to alter, amend, or vacate a prior judgment, and Rule 60 provides for relief from judgment. *See Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 470 n.4 (4th Cir. 2011), *cert. denied*, 132 S. Ct. 115 (2011). Rule 59(e) applies only to final judgments. *See Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991). As this Court explained in *Cross v. Fleet Reserve Ass'n Pension Plan*, Civ. No. WDQ-05-0001, 2010 WL 3609530, at *2 (D. Md. Sept. 14, 2010):

> A party may move to alter or amend a judgment under Rule 59(e), or for relief from a judgment under Rule 60(b). *See* Fed. R. Civ. P. 59(e) & 60(b). A motion to alter or amend filed within 28 days of the judgment is analyzed under Rule 59(e); if the motion is filed later, Rule 60(b) controls. *See* Fed. R. Civ. P. 59(e); *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 280 (4th Cir. 2008); *In re Burnley*, 988 F.2d 1, 2-3 (4th Cir. 1992).

(footnote omitted).

The United States Court of Appeals for the Fourth Circuit has repeatedly recognized that a final judgment may be amended under Rule 59(e) in only three circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *See, e.g., Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 241 n.8 (4th Cir. 2008). Such motions do not authorize a "game of hopscotch," in which parties switch from one legal theory to another "like a bee in search of honey." *Cochran v. Quest Software, Inc.*, 328 F.3d 1, 11 (1st Cir.

3

2003). In other words, a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting 11 Wright, *et al.*, *Federal Practice and Procedure* § 2810.1, at 127-28 (2d ed. 1995)). Where a party presents newly discovered evidence in support of its Rule 59(e) motion, it "must produce a legitimate justification for not presenting the evidence during the earlier proceeding." *Id.* (internal citations and quotation marks omitted). Where a party seeks reconsideration on the basis of manifest error, the earlier decision cannot be "'just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week old, unrefrigerated dead fish." *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009) (quoting *Bellsouth Telesensor v. Info. Sys. & Networks Corp.*, Nos. 92-2355, 92-2437, 1995 WL 520978 at *5 n.6 (4th Cir. Sept. 5, 1995)). "In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Id.* (internal citations and quotation marks omitted).

## ANALYSIS

In its Memorandum Opinion on January 30, 2018, this Court found Petitioner's challenge to a restitution order via a Motion to Vacate pursuant to 28 U.S.C. § 2255 (ECF No. 28) to be improper. (ECF No. 47.) Additionally, this Court found that even if his § 2255 was proper, Choi's claim did not meet the standard for a viable ineffective assistance of counsel claim. *Id.* In reaching this determination, this Court relied on *United States v. Hudgins*, No. 06-6048, 2006 WL 2794412 (4th Cir. Sept. 25, 2006) and *United States v. Fabian* 798 F. Supp.2d 647, 684 (D. Md. 2011). In *Hudgins*, the Fourth Circuit explained that "a § 2255 motion may not be used for the sole purpose of challenging fines or restitution

4

orders." 2006 WL 2794412 at *1. *Fabian* similarly explained that "28 U.S.C. § 2255 only entitles prisoners to attack a custodial component of a sentence . . . restitution orders cannot *be attacked* through a § 2255 petition, including those filed when the defendant is incarcerated." 798 F.3d at 684. Following this logic, this Court found Choi's challenge to his restitution order improper in a § 2255 Motion to Vacate. (ECF No. 28.)

In his Rule 59(e) Motion for Reconsideration, Choi does not allege that there has been an intervening change in controlling law or that new evidence has come to light. (ECF No. 49.) Instead, Choi alleges that this Court erred in its decision because (1) the Fourth Circuit has not established binding precedent precluding a petitioner in custody from challenging a restitution order in a § 2255 motion; and (2) Choi has established facts to support his claim for ineffective assistance of counsel.

I. Challenge of Restitution Order

Choi asserts that a restitution order can be challenged in a § 2255 motion emphasizing that the Fourth Circuit has not established *binding* precedent on this issue. (ECF No. 49.) In addition to the unreported Fourth Circuit decision in *United States v. Hudgins*, No. 06-6048, 2006 WL 2794412, at *1 (4th Cir. Sept. 25, 2006), this court relied on *United States v. Fabian*, 798 F. Supp.2d 647 (D. Md. 2011) which supports this Court's conclusion that restitution orders cannot be challenged via a § 2255 motion. (ECF No. 47.) This Court also relied decisions from the Second, Eleventh, Eight, Ninth, Fifth, Seventh, and First Circuits that were cited within *Fabian* for the same proposition. (*Id.*) Although not binding, there is ample persuasive precedent that a restitution order cannot be challenged in

a § 2255 motion. Therefore, this Court did not err with regard to Choi's first claim that a restitution order can be challenged in a § 2255 motion.

   II.   Ineffective Assistance of Counsel Claim

Choi asserts that he has presented sufficient facts to support his § 2255 motion. However, Choi has not provided any new evidence to support his claim. Instead, his Rule 59(e) Motion to Reconsider simply reiterates his previous arguments. (EFC No. 49.) As stated in this Courts Memorandum Opinion, Choi was satisfied with his counsel after the plea negotiations and understood and voluntarily agreed to every part of the plea agreement. (ECF No. 5-1 at 11). At sentencing, Choi agreed to and was satisfied with the tax loss amount. (ECF NO. 19 at Pgs. 10-12.) Choi never indicated that he was not satisfied with his counsel or still challenged the tax loss amount. (*Id.* at 28-29.) Instead, Choi claims that a separate settlement with the IRS shows the original estimate tax loss was incorrect. (ECF No. 49.) In denying Choi's § 2255 motion (ECF No. 28), this Court relied on a memorandum from the Acting Director of Appeals Policy, which explained, "Appeals considers the civil tax liability without reference to the restitution ordered by the federal district court and may determine that the taxpayer's civil liability differs from the amount ordered as restitution . . .." (ECF. No. 44-1.) Therefore, this Court did not err when it determined that even if Petitioner could challenge his restitution order in a § 2255 Motion, he has not shown that the restituion amount owed was incorrect.

   III.   Certificate of Appealability

Additionally, Choi asserts that Petitioner has made a substantial showing of the denial of a constituional right, and therefore, is entitled to a certificate of appealability 28 U.S.C. §

6

2253(c)(2). (ECF No. 49.) A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Reasonable jurists would not find Petitioner's claims debatable, therefore, this Court did not err in denying Choi a certificate of appealability.[1]

## CONCLUSION

For the foregoing reasons, Choi's Motion for Reconsideration (ECF No. 49) fails to satisfy the requirements of Rule 59(e) of the Federal Rules of Civil Procedure and is DENIED. A separate Order follows.

Dated:   March 27, 2018

/s/ Richard D. Bennett

Richard D. Bennett
United States District Judge

---

[1] The district court's denial of a COA does not preclude a petitioner from seeking a COA from the appellate court. *Jackson v. United States*, No. 12-0185, 2017 WL 4347852, at *3 (D. Md. 2017).

7